# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 12, 2015

Plaintiff-Appellee,

v

No. 318964
Kalamazoo Circuit Court
LC No. 2013-001056-FC

LARRY DARNELL SYKES,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction for domestic assault, second offense, MCL 750.81(3). The trial court sentenced defendant to six months in jail. Because evidence regarding defendant's other acts of domestic violence was properly admitted under MCL 768.27b and MCL 768.27c, and defense counsel was not ineffective for failing to object to this evidence, we affirm.

On July 15, 2013, defendant assaulted his wife, Erica Sykes. In particular, defendant awoke Sykes at 1:30 a.m. to ask her if she had slept with his cousin. When Sykes informed defendant that his cousin had sexually assaulted her, defendant called her a "liar" and a "whore." He then pushed her on to the bed and began to strangle her with both hands around her neck such that she could not breathe. Sykes attempted to kick defendant to stop the attack, but her efforts were unsuccessful. Eventually, defendant stopped the physical assault. He continued to scream at Sykes and he began to pack his belongings. But, before leaving the house, defendant spit in Sykes's face, yelled at her repeatedly, hit her in the face, pushed her against a wall, and pushed her onto the bed where he began to choke her a second time. When he had finished the attack, defendant took his belongings and left the home.

Sometime before this incident, Sykes had been in a car accident as a result of which she had two spinal stimulators implanted in her body to "override" her otherwise extensive physical pain. Defendant's assault moved the wires in Sykes's body out of place, limiting the range of motion in her neck and leaving her in pain. The morning after the assault, Sykes went to the hospital where she learned she would need surgery on her neck as a result. In addition, her eyes were swollen, she had ruptured blood vessels on her face, and she had bruising on the sides of her neck and on her chin.

-1-

Sykes also went to the police station to report the incident. At the police station, Sykes spoke with Officer Justin Cary, who testified at trial and described Sykes as distraught and in apparent physical pain at the time of their conversation. He also observed bruising and redness on Sykes's face and neck. Following his conversation with Sykes, Officer Cary spoke with defendant, who admitted to a confrontation the previous evening during which Sykes informed him that she had been sexually assaulted by his cousin. Although defendant denied trying to kill Sykes, he admitted to holding Sykes down by her shoulders.

At trial, relying on MCL 768.27b and MCL 768.27c, the prosecutor introduced evidence of other acts of domestic violence perpetrated by defendant. In particular, Jonette Purtha, who had a son with defendant, testified that on the morning of September 9, 2010, after defendant exited the shower, she and defendant had an altercation about Purtha brushing her teeth, during which defendant threw her on the couch. Purtha testified that she did not remember all the details of the entire assault, but she did recall that she "had a lot of bruises afterwards." Later that day, while they were driving in the car, defendant hit Purtha repeatedly and screamed at her. Purtha reported the incident to police and, in particular, several hours after the incident she spoke with Officer John Leonard, who also testified at trial regarding defendant's assault on Purtha. Officer Leonard testified that Purtha told him defendant attempted to choke her on the morning of September 9, 2010. Purtha reported to Officer Leonard that she kicked defendant, and in response defendant then kicked her, grabbed her, and "slam[med]" her around the room. Consistent with her trial testimony, Purtha also told Officer Leonard that defendant repeatedly hit her while they were driving. When he spoke with Purtha, Officer Leonard saw significant bruising on her arms.

Defendant testified in his own defense at trial. Regarding the incident with Sykes, defendant maintained that he and Sykes had a confrontation in which she claimed to have been sexually assaulted. Defendant found Sykes's claim of sexual assault "odd" because she had not reported the incident to the police. He admitted to being emotional during the encounter, but he denied trying to intimidate the victim or harming her in anyway. He claimed Officer Cary coerced him into stating that he held Sykes down by her shoulders. As noted, the jury convicted defendant of domestic assault. Defendant now appeals as of right.

On appeal, defendant first argues that his trial counsel was ineffective for failing to challenge Purtha's other-acts evidence admitted under MCL 768.27b. In particular, defendant recognizes that, in a domestic violence trial, MCL 768.27b permits the introduction of prior acts of domestic violence "for any purpose for which it is relevant." Defendant maintains, however, that Purtha did not have the best recall of the previous assault and that, as a result, she gave an "incredibly murky account of the incident." Given this "murky" account, defendant argues that Purtha's testimony was inadmissible because, pursuant to MRE 403, any probative value of Purtha's testimony was substantially outweighed by the danger of unfair prejudice, confusion of issues, or the possibility of misleading the jury. It is defendant's position that defense counsel should therefore have objected to Purtha's testimony, moved for its exclusion, and/or moved for a mistrial.

To establish a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance fell below an objective standard of reasonableness, and that (2) but for counsel's error, there is a reasonable probability that the

outcome of the defendant's trial would have been different. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Counsel's performance should be evaluated from his or her perspective at the time of the alleged error, *People v Grant*, 470 Mich 477, 487; 684 NW2d 686 (2004), and a defendant must overcome a strong presumption that counsel's performance was sound trial strategy, *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). In particular, decisions regarding whether to object to evidence are presumed to constitute questions of trial strategy, *People v Eliason*, 300 Mich App 293, 303; 833 NW2d 357 (2013), "and this Court will not second-guess defense counsel's judgment on matters of trial strategy," *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). Moreover, counsel will not be considered ineffective for failing to advocate a meritless position, *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000), or for failing to offer a futile objection, *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

In this case, the prosecutor offered Purtha's testimony regarding a previous domestic assault under MCL 768.27b(1), which, in relevant part, provides:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

Under this statute, the prior-bad-acts evidence is admitted to provide the jury with a "full and complete picture of a defendant's history," in order "to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011). In particular, the other-acts evidence may be offered to show the defendant's propensity to commit a crime, even though, pursuant to MRE 404(b), other-acts evidence may not typically be used as character evidence. *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010); *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007). To be admissible, ordinarily, the previous acts of domestic violence must have occurred within 10 years of the charged offense. MCL 768.27b(4). Moreover, by the statute's plain terms, evidence of other domestic assaults must be relevant and it must satisfy MRE 403. See *Cameron*, 291 Mich App at 609-611.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. For example, evidence of a defendant's previous acts of domestic violence is highly relevant to whether he or she would have a tendency to commit subsequent acts of domestic violence, and such evidence may also be relevant to the jury's assessment of a victim's credibility. See *Cameron*, 291 Mich App at 612; *Railer*, 288 Mich App at 220. Under MRE 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." For purposes of MCL 768.27b, when weighing the evidence under MRE 403, the propensity inference arising out of domestic violence testimony weighs in favor of its probative value rather than its prejudicial effect. See *People v Watkins*, 491 Mich 450, 486-487; 818 NW2d 296 (2012). A court assessing other-acts evidence's admissibility under MRE 403, may also consider:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

In the present case, Purtha's testimony was plainly admissible under MCL 768.27b, and counsel did not render ineffective assistance by failing to object to the evidence or move for a mistrial. To begin with, Purtha's testimony related to an assault committed less than three years before defendant's attack on Sykes. This testimony was highly relevant because defendant's previous assault on Purtha gave rise to the inference that he had a propensity to commit acts of domestic violence in the course of a disagreement, including specifically a propensity to manhandle and hit women with whom he has had a romantic relationship. See *Cameron*, 291 Mich App at 612; *Railer*, 288 Mich App at 220. This propensity inference weighs in favor of admitting Purtha's testimony. See *Watkins*, 491 Mich at 496-487. Further, the fact that defendant had previously committed such acts of violence tended to bolster Sykes's credibility in regard to her testimony about the current assault. See *Pattison*, 276 Mich App at 616.

Given that the evidence in question was highly relevant, contrary to defendant's arguments on appeal, the probative value of the other-acts evidence was not substantially outweighed by the danger of unfair prejudice or the possibility that Purtha's testimony would confuse the issues or mislead the jury. Purtha's description of events was, when compared with Sykes's testimony, relatively brief and not nearly as violent. Cf. *Railer*, 288 Mich App at 220. Certainly, Purtha's description of defendant's previous acts was not so graphic as to be inflammatory or to otherwise interject extraneous considerations into the trial. See *id.* Moreover, the trial court instructed the jury on the proper use of the other-acts evidence, minimizing the prejudicial effect of the testimony. See *Cameron*, 291 Mich App at 612.

Further, to the extent defendant specifically argues on appeal that, because Purtha conceded she did not have the best memory of the assault, her testimony was "murky" and thus inadmissible under MRE 403, his claim is without merit. Although Purtha acknowledged some shortcomings in her memory surrounding the details of the assault, she plainly testified to what she did recall, namely that, during an altercation, defendant threw her on the couch and later struck her repeatedly while they were driving. It was these facts which were relevant to defendant's propensity to commit acts of domestic violence, and Purtha's testimony to the facts she did recall was in no way unfairly prejudicial, confusing, or misleading. This seems particularly true given that Purtha reported the assault to Officer Leonard within several hours of the incident and that, at trial, Officer Leonard testified to the substance of Purtha's report to him. Although Purtha's report to Officer Leonard shortly after the incident proved slightly more detailed, it coincided with the basic facts Purtha provided in her trial testimony. In other words, given this supporting evidence, Purtha's testimony does not appear unreliable and any weaknesses in Purtha's memory at the time of trial did not preclude the admission of her testimony.

On the whole, while Purtha's testimony was obviously damaging to defendant's position, its relevance was not substantially outweighed by unfair prejudice, the risk of confusion, or the

-4-

possibility of misleading the jury. See *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). The evidence was therefore admissible pursuant to MCL 768.27b. Because the other-acts evidence was admissible under MCL 768.27b, any objection by defense counsel or motion for a mistrial on this basis would have been futile, and defense counsel was not ineffective for failing to advocate a futile position. See *Thomas*, 260 Mich App at 457. Indeed, rather than pursue a meritless objection, defense counsel thoroughly cross-examined Purtha regarding her memory problems. We see nothing deficient in counsel's performance.

Next, defendant argues that Officer Leonard's testimony regarding Purtha's statements to him in 2010 was improperly admitted because the prosecution failed to provide the notice required by MCL 768.27c. Defendant also asserts on appeal that defense counsel rendered constitutionally ineffective assistance by failing to object to Officer Leonard's testimony based on this purported lack of notice.

Purtha's hearsay statements, as testified to by Office Leonard, were offered pursuant to MCL 768.27c(1), which indicates that evidence of a statement by a declarant is admissible, provided that:

> (a) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.
>
> (b) The action in which the evidence is offered under this section is an offense involving domestic violence.
>
> (c) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.
>
> (d) The statement was made under circumstances that would indicate the statement's trustworthiness.
>
> (e) The statement was made to a law enforcement officer.

To offer the statement of a declarant into evidence under this provision, the prosecutor must provide a defendant with notice pursuant to MCL 768.27c(3), which states:

> If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered, to the defendant not less than 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown.

Considering the record in the present case, contrary to defendant's arguments, we conclude that the prosecutor complied with this notice provision and any objection to Officer Leonard's testimony by defense counsel based on a lack of notice would have been futile. In particular, more than 15 days before trial, the prosecutor filed a notice of intent to introduce other-acts evidence, which included reference to the police report authored by Officer Leonard. The notice specifically informed defendant that the evidence to be introduced at trial would

include "acts of violence against [Purtha], which were reported" in Officer Leonard's police report. More than 15 days before trial, the prosecutor also provided defendant with a copy of the police report and filed a notice of further known witnesses, which named Officer Leonard. Consequently, defendant had notice of the prosecutor's intent to introduce other acts evidence and he was specifically put on notice that Officer Leonard was a potential witness. Further, the police report authored by Officer Leonard served as a "summary of the substance of any testimony that is expected to be offered." See MCL 768.27c(3).

Despite this obvious notice of Officer Leonard's prospective testimony, defendant appears to believe he was entitled to a more detailed description of Officer Leonard's testimony before trial, including specifics regarding any hearsay statements that might be elicited during his testimony. Contrary to defendant's argument, we see no such requirement in MCL 768.27c(3), which by its plain terms permits the prosecutor to provide "the statements of witnesses *or a summary of the substance* of any testimony that is expected." As noted, we are persuaded that the police report authored by Officer Leonard, and specifically identified in the prosecutor's notice of intent, served as a summary of the substance of the expected testimony. In short, by providing defendant with notice of the other-acts evidence it intended to offer more than 15 days before trial, including notice of Officer Leonard's police report, the prosecutor satisfied the requirements of MCL 768.27c(3).[1] Because we find that the provided notice was proper, we also reject defendant's ineffective assistance of counsel claim given that any challenge by defense counsel on this basis would have been meritless. *Thomas*, 260 Mich App at 457.

Finally, defendant argues that Purtha's hearsay statements to Officer Leonard were inadmissible under MCL 768.27c because they were untrustworthy. Defendant also maintains that counsel provided ineffective assistance by failing to object to these hearsay statements and to file a motion in limine for the exclusion of these statements.

As listed above, MCL 768.27c(1) provides that five requirements must be met before a hearsay statement to a law enforcement officer is admissible in domestic violence cases. Defendant only challenges one requirement: whether the "statement was made under circumstances that would indicate the statement's trustworthiness." MCL 768.27c(1)(d). When assessing whether circumstances surrounding the statement are indicative of trustworthiness, issues relevant to a court's consideration include:

(a) Whether the statement was made in contemplation of pending or anticipated litigation in which the declarant was interested.

(b) Whether the declarant has a bias or motive for fabricating the statement, and the extent of any bias or motive.

---

[1] Defendant also argues that notice was improper under MRE 404(b)(2). We need not consider these arguments, however, because MRE 404(b) has been superseded by statute in certain domestic violence cases, and the admissibility of the other-acts evidence in this case is thus governed instead by MCL 768.27b and MCL 768.27c. See *Watkins*, 491 Mich at 476-477; *People v Mack*, 493 Mich 1, 3; 825 NW2d 541 (2012).

(c) Whether the statement is corroborated by evidence other than statements that are admissible only under this section. [MCL 768.27c(2).]

Although these factors have been identified as relevant to the assessment of trustworthiness, they are not considered an exhaustive list, and a lack of proof regarding these factors does not necessarily require exclusion of a hearsay statement. *People v Meissner*, 294 Mich App 438, 449; 812 NW2d 37 (2011).

In this case, considering the three factors in turn, first, defendant offers no suggestion that Purtha made statements to Officer Leonard in anticipation of litigation, or that, second, Purtha had a bias or motive for fabricating her statements to Officer Leonard. Instead, regarding the third factor, defendant has only argued on appeal that Purtha's statements were "uncorroborated." See MCL 768.27c(2)(c). This argument lacks merit, however, given that Officer Leonard testified that he observed significant bruising on Purtha's arms, which corroborated her report of domestic violence. Cf. *Meissner*, 294 Mich App at 449. Insofar as defendant maintains the trustworthiness of Purtha's 2010 statements is undercut by her memory problems, we note that Purtha made her statements to Officer Leonard within hours of the assault and that Officer Leonard testified that, when he spoke to Purtha, Purtha did not appear to have difficulty recalling the attack. Further, Purtha testified at trial. Although she had memory problems, she was able to recall some details of the prior assault, which corroborated her statements made to Officer Leonard in 2010. Cf. *id.* In these circumstances, the hearsay statements in question were sufficiently trustworthy to merit admission under MCL 768.27c(1), and defense counsel was not ineffective for failing to raise a futile objection or motion. See *Thomas*, 260 Mich App at 457.

Affirmed.


/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra