# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SCOTT ALLEN CAMPBELL,

Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 336874
St. Clair Circuit Court
LC No. 16-002008-FH

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of interference with electronic communications, MCL 750.540(4); MCL 750.540(5)(a), and bribing, intimidating, or interfering with a witness, MCL 750.122(3)(a); MCL 750.122(7)(b).[1] The charges originated from an altercation between defendant and his then-girlfriend, in which she alleged that he threw soup at her and smashed her cellular telephone when she stated that she was going to call the police. The witness intimidation charges were based on defendant telling the victim, following his arrest and release, that she could be in trouble if she testified against him because the victim moved back into defendant's house despite a no-contact order issued against defendant. Following his conviction, defendant was sentenced, as a fourth habitual offender, MCL 769.12, to one year in jail and three years' probation for the interference with electronic communications and bribing, intimidating, or interfering with a witness convictions. We affirm.

## I. EVIDENCE OF PAST INCIDENT OF DOMESTIC VIOLENCE

The trial court admitted evidence of an April 23, 2006 domestic-violence incident involving defendant and defendant's then-wife. Defendant argues that such evidence was inadmissible. We disagree.

This Court reviews the decision whether to admit or exclude evidence for an abuse of discretion. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). An abuse of

---

[1] Defendant also was charged with domestic violence, in violation of MCL 750.81(2), but the jury found him not guilty of that offense.

discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Fomby*, 300 Mich App 46, 48; 831 NW2d 887 (2013). The "trial court's decision on a close evidentiary question . . . ordinarily cannot be an abuse of discretion." *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000). However, even if the evidence was erroneously admitted, "reversal is only required 'if such an error is prejudicial'; in this context, 'prejudicial' means that, after examining the error and 'assess[ing] its effect in light of the weight and strength of the untainted evidence . . . it affirmatively appears that the error asserted undermine[s] the reliability of the verdict.' " *People v Snyder*, 301 Mich App 99, 111-112; 835 NW2d 608 (2013), quoting *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).

## A. MCL 768.27b

Defendant claims that the evidence was inadmissible under MCL 768.27b because the incident occurred more than 10 years before the charged offense and because the trial court did not determine that admitting it was in the interest of justice.[2] The testimony was admitted under MCL 768.27b, which provides, in relevant part:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

> \* \* \*

> (4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice.

"MCL 768.27b provides that in domestic violence cases, evidence of other acts of domestic violence are admissible, even to show propensity, so long as their admission does not violate MRE 403 and they took place no more than 10 years before the charged offense." *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018). However, the statute permits admission of "[e]vidence of an act occurring more than 10 years before the charged offense" if the trial court "determines that admitting this evidence is in the interest of justice." MCL 768.27b(4). The "interest of justice standard" applicable to acts more than ten years old permits admission

---

[2] MCL 768.27b applies "in a criminal action in which the defendant is accused of an offense involving domestic violence[.]" The term "domestic violence" is defined as occurrences causing physical or mental harm to a family or household member or placing a family or household member in fear of harm. MCL 768.27b(5)(a)(*i*) and (*ii*). A "family or household member" includes individuals with whom a defendant had a dating relationship. MCL 768.27b(5)(b)(*iv*). The charges here involved "domestic violence" because (1) defendant lived with the victim, thus making her a household member, and (2) defendant had a dating relationship with the victim.

only if "that evidence is uniquely probative or if the jury is likely to be misled without admission of that evidence." *Rosa*, 322 Mich App at 734.

"The statute thus in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1) . . . ." *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012). The language of MCL 768.27b "clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (quotation marks and citation omitted).

Because the April 2006 incident occurred more than ten years before the dates of the charged offenses here, July 2016, the prosecution argued that admission of the prior act of domestic violence was in the interest of justice under MCL 768.27b(4). The prosecution's theory of admissibility was that the 2006 events demonstrated how defendant conducted himself during an assault, including his efforts to "place blame upon the victim" and to call her "crazy" and "mental." The prosecution also argued that the earlier course of conduct was similar to the behavior shown by defendant in this case. In opposition, defendant simply argued that he "believe[d] an injustice [would] occur by having this evidence introduced." The trial court admitted the evidence, explicitly stating that its admission was "in the interest of justice." Given the lack of further explanation by the trial court, it appears the trial court adopted the prosecution's interest of justice rationale as the basis for its ruling. The court did note, however, that the 2006 incident occurred a mere three months beyond the 10-year limitation period. Therefore, in light of the prosecution's theory at trial and the fact that the past incident occurred just outside the 10-year period, we cannot conclude that the trial court abused its discretion in admitting the prior acts of domestic violence for the April 2006 incident "in the interest of justice."

## B. MRE 403

Defendant also argues that the evidence of the earlier act of domestic violence was inadmissible in any event because its probative value was substantially outweighed by the danger of unfair prejudice in violation of MRE 403. We disagree.

Although we have concluded that the evidence of the 2006 domestic violence incident was generally admissible under MCL 768.27b, that statute further provides that the evidence also must not be excludable under MRE 403. MRE 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

With respect to probative value, prior acts of domestic violence evidence "can be admitted at trial because 'a full and complete picture of a defendant's history . . . tend[s] to shed light on the likelihood that a given crime was committed.' " *Cameron*, 291 Mich App at 610, quoting *People v Pattison*, 276 Mich App 613, 620; 741 NW2d 558 (2007). Further,

-3-

> [t]he "unfair prejudice" language of MRE 403 " 'refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock.' " Moreover, admission of "[e]vidence is unfairly prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury. [*Cameron*, 291 Mich App at 611 (citations omitted).]

"In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving 'the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' " *People v Head*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 334255); slip op at 6 (quotation marks and citation omitted), lv pending. "[T]he draftsmen intended that the trial judge be given very substantial discretion in 'balancing' probative value on the one hand and 'unfair prejudice' on the other, and that the trial judge should not be reversed simply because an appellate court believes it would have decided the matter otherwise." *Id.* (quotation marks and citation omitted).

Here, defendant has not identified how the evidence of the April 2006 domestic violence incident injected any *unfair* prejudice. See *Cameron*, 291 Mich App at 611. Defendant claims that the evidence portrayed him as a "violent person" and therefore likely to engage in violence. As noted, however, the statute permits such an inference based on propensity. As our Supreme Court has noted under an analogous statute's interaction with MRE 403, "courts must weigh the propensity inference *in favor of the evidence's probative value* rather than its prejudicial effect." *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012) (emphasis added);[3] see also *Cameron*, 291 Mich App at 609-610.

However, "[t]his does not mean . . . that other-acts evidence admissible under MCL 768.27a [or MCL 768.27b] may never be excluded under MRE 403 as overly prejudicial." *Watkins*, 491 Mich at 487. In determining whether to exclude evidence under MRE 403, a trial court properly can consider the following:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Id.* at 487-488 (citation omitted).]

---

[3] In *Watkins*, the Supreme Court analyzed the interaction between MRE 403 and MCL 768.27a, which allows evidence of past instances of criminal sexual assault to "be considered for its bearing on any matter to which it is relevant."

Admission of the April 2006 act of domestic violence provided a more complete picture of defendant's history and was relevant to whether and how defendant attempted to place blame on the victim for the events that transpired. As the prosecution argued, and the trial court appears to have adopted, the prior act of abuse against defendant's ex-wife tended to show that defendant had a propensity of assaulting his victim and then placing the blame on the victim. When defendant became angry with his ex-wife, he assaulted her and then, as the prosecution alleged, he placed blame on her by calling her "crazy" and "mental." Likewise, here, the prosecution contended that defendant assaulted the victim by throwing soup at her and then placed the blame on her, telling her that she was "acting ridiculous and crazy and psycho." Although defendant's ex-wife did not explicitly state that defendant called her "crazy" during or after the April 23, 2006 incident, she testified that he called her "a bunch of names." Thus, the jury could infer that defendant used name calling as a means to control the victim after assaulting her. The admission of such evidence was not unfairly prejudicial because the jury already had heard the victim's testimony that in the current case, defendant called her such names; admission of the 2006 evidence interjected nothing qualitatively new regarding defendant's pattern of behavior. Thus, in maximizing the probative value of the 2006 episode, and minimizing its prejudicial effect, as we are required to do, see *Head*, ___ Mich App at ___; slip op at 6, we hold that the trial court did not abuse its discretion when it concluded that the probative value of the evidence of the earlier act of domestic violence was not substantially outweighed by the danger of unfair prejudice. Although defendant argued that the incidents of domestic violence between defendant and his ex-wife involved a different situation than between defendant and the victim, i.e., defendant's ex-wife and defendant were married at the time, there were infidelity and trust issues, and his ex-wife had been drinking on the night at issue, the other acts were not required to be identical. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). Moreover, "the prejudicial effect of [the] other-acts evidence did not stir such passion as to divert the jury from rational consideration of [defendant's] guilt or innocence of the charged offenses." *Cameron*, 291 Mich App at 611-612. Further, the trial court instructed the jury that it could not convict defendant "solely because you think he is guilty of other bad conduct." Juries are presumed to have followed such instructions. *People v Powell*, 303 Mich App 271, 274; 842 NW2d 538 (2013). Accordingly, we perceive no error.

C. MRE 404(b)

Defendant further argues that evidence of the 2006 act of domestic violence was inadmissible under MRE 404(b)[4] and established outcome determinative error because the testimony of defendant's ex-wife was not relevant to those charges and "served to portray [defendant] as a bad, violent man likely to have prevented [the victim] from calling for help and

---

[4] MRE 404(b)(1): "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identify, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case."

likely to have threatened her and her son." We decline to address this issue. As already explained, the evidence was admissible under MCL 768.27b. Therefore, even if the evidence was not admissible under MRE 404(b), the evidence nonetheless was admissible—even for propensity purposes, which MRE 404(b) generally prohibits. In other words, assuming the evidence was not admissible under MRE 404(b), defendant would be unable to show how that error could have had any effect, let alone outcome determinative effect, when the evidence was admissible under MCL 768.27b(1) "for any purpose for which it [was] relevant."

## II. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the evidence presented at trial failed to establish beyond a reasonable doubt that he intentionally prevented the sending of a communication. We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014) (citation omitted). "All conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016). It is the role of the trier of fact to determine the weight of the evidence and the credibility of the witnesses. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014). "[T]he elements of an offense may be established on the basis of circumstantial evidence and reasonable inferences from the evidence." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013), citing *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010).

MCL 750.540(4) provides:

A person shall not willfully and maliciously prevent, obstruct, or delay by any means the sending, conveyance, or delivery of any authorized communication, by or through any telegraph or telephone line, cable, wire, or any electronic medium of communication, including the internet or a computer, computer program, computer system, or computer network, or telephone.

On appeal, defendant simply argues that because the only phone that was introduced into evidence was not the one that purportedly was the basis for the interfering-with-a-communication charge, there was insufficient evidence to convict him of this count. We disagree. Regardless of the fact that the Samsung J7 was never admitted into evidence, the victim testified to the existence of the phone and the circumstances surrounding defendant interfering with her use of that phone. Thus, despite the lack of physical evidence, there was sufficient evidence in the form of the victim's testimony to support defendant's conviction, particularly when viewed in the light most favorable to the prosecution.

Defendant also argues that, in the alternative, there was no proof that the Samsung J7 cell phone (the one which the victim said she was thwarted from using but was never recovered or introduced into evidence) was incapable of sending a communication after defendant allegedly broke it. Defendant's argument is without merit.

"The goal of statutory interpretation is to ascertain the legislature's intent." *People v Baham*, 321 Mich App 228, 237; 909 NW2d 836 (2017) (citation omitted). "We begin with the plain language of the statute, interpreting words according to their ordinary meaning and within the context of the statute in order to give effect to the statute as a whole." *Id*. (citation omitted). "[W]here that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id*. (citation and quotation marks omitted).

First, the victim testified that the phone did not work after defendant threw it to the ground. So, contrary to defendant's claims, there was evidence that the phone was inoperable after defendant threw it to the ground. Second, even if the cell phone could have sent a communication after defendant threw it down, viewing the evidence in the light most favorable to the prosecution, defendant nevertheless violated MCL 750.540(4), which provides that a person shall not "prevent, obstruct, *or* delay . . . the sending, conveyance, or delivery of any authorized communication." (Emphasis added.) With the conjunctive use of the word "or," the Legislature did not require a complete interference with the ability to send a communication. Instead, a person could be found guilty if he prevented *or* obstructed *or* delayed the sending of the electronic communication. See *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 69; 535 NW2d 529 (1995) (stating that "or" generally refers to an alternative or choice between two or more things). Here, assuming the phone was operable after defendant threw it to the ground, the act of taking the phone from the victim, in response to her stating that she was going to call the police, and throwing it on the ground constitutes, at a minimum, obstructing or delaying the sending of the communication. See *Merriam Webster's Collegiate Dictionary* (11th ed) (defining the verb "delay" as "put off, postpone" and defining the verb "obstruct" as "to hinder from passage, action, or operation") (all caps removed). As a result, there was no requirement that the phone be incapable of sending the communication, and there thus was sufficient evidence to support defendant's conviction under MCL 750.540(4).

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel