PEOPLE v SCHULTZ

Docket No. 272219. Submitted May 6, 2008, at Lansing. Decided May 8, 2008, at 9:00 a.m.

Gordon D. Schultz was convicted by a jury in the Midland Circuit Court, Thomas L. Ludington, J., of domestic violence, third offense. The defendant appealed, challenging the trial court's decision, pursuant to MCL 768.27b, to allow the prosecution to introduce at trial evidence of the defendant's past guilty plea in an earlier case of domestic abuse involving the same victim.

The Court of Appeals *held*:

1. MCL 768.27b—which provides that in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under MRE 403—does not constitute an unconstitutional ex post facto law as applied to the defendant. The statute did not change the burden of proof necessary to establish the crime, ease the presumption of innocence, or downgrade the type of evidence necessary to support a conviction. The statute affects only the admissibility of a type of evidence, and its enactment did not turn otherwise innocent behavior into a criminal act.

2. MCL 768.27b is not violative of the constitutional separation of powers. It does not interfere with the Supreme Court's constitutional authority to make rules that govern the administration of the judiciary and its process. Rather, the statute is a substantive rule engendered by a policy choice by the Legislature to allow a jury in certain cases to have an opportunity to weigh a defendant's behavioral history and view the facts of a case in the larger context that the defendant's behavior affords.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Carpenter*, Prosecuting Attorney, and *Michael T. Garner*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*) for the defendant.

Before: WILDER, P.J., and O'CONNELL and WHITBECK, JJ.

O'CONNELL, J. Defendant appeals as of right his conviction of domestic violence, third offense, MCL 750.81(4), following a jury trial. Defendant was also sentenced as a fourth-offense habitual offender, MCL 769.12, to 46 to 180 months' imprisonment. We affirm.

This case arose after the complainant, defendant's live-in girlfriend, walked in on defendant while he was on the phone. She overheard him wind up the conversation with a glib remark that seriously impeached his loyalty to her. An argument with the complainant ensued. It moved outside, and defendant ultimately resolved it by slapping the complainant, yanking her hair, and shoving her to the ground. When the police arrived, they saw that the complainant had an abrasion on her forehead and bruises on her back and neck. Some of the bruising was older because this was not the first time defendant resorted to violence as a means of managing his domestic affairs. The day before, defendant had beaten the complainant with a belt and shoved her onto a bed and into a heat register.

Defendant's sole argument on appeal is that the trial court erred by allowing the prosecutor to introduce defendant's guilty plea from an earlier case. The plea involved previous physical abuse of the complainant that occurred about eighteen months before the events at issue at trial, and defendant's trial counsel specifically denied that he had any objection to the jury's hearing about the plea. Now defendant argues that the legal basis for the prosecutor presenting defendant's

plea, MCL 768.27b, infringes on our Supreme Court's constitutional authority to manage the practice and procedure of the courts of this state. He further argues that the statute altered the evidence that could substantiate the prosecutor's claim, so it represents an illicit ex post facto law. Defendant's lack of objection failed to preserve his constitutional challenges in the trial court, so we will not reverse his conviction unless we find plain error that affected his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

According to MCL 768.27b(1), "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." This statute stands in stark contrast to MRE 404(b)(1), which requires a proponent to offer more than the transparency of a person's character as justification for admitting evidence of other crimes or wrongs.

This case is ultimately controlled by our analysis in *People v Pattison*, 276 Mich App 613; 741 NW2d 558 (2007). Regarding defendant's ex post facto argument, our Legislature's adoption of MCL 768.27b did not "lower the quantum of proof or value of the evidence needed to convict a defendant." See *Pattison, supra* at 619. The statute does not permit conviction on less evidence or evidence of a lesser quality. See *id.* at 618. As with the sister statute analyzed in *Pattison*, MCL 768.27b did not change the burden of proof necessary to establish the crime, ease the presumption of innocence, or downgrade the type of evidence necessary to support a conviction. *Pattison, supra* at 619; see also *People v*

*Dolph-Hostetter*, 256 Mich App 587, 591-601; 664 NW2d 254 (2003). Therefore, the statute affects only the admissibility of a type of evidence, and its enactment did not turn otherwise innocent behavior into a criminal act. See *Dolph-Hostetter, supra*. It follows that we reject defendant's ex post facto argument.

*Pattison* also controls our analysis of defendant's separation of powers argument. As with MCL 768.27a, which was the statute at issue in *Pattison*, the Legislature passed MCL 768.27b in reaction to the judicially created standards in MRE 404(b). It does not impose upon the administration of the courts; rather, it reflects a "policy decision that, in certain cases, juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords." *Pattison, supra* at 620. Therefore, in keeping with the analysis in *McDougall v Schanz*, 461 Mich 15, 31-32, 36-37; 597 NW2d 148 (1999), the statute is a substantive rule engendered by a policy choice, and it does not interfere with our Supreme Court's constitutional authority to make rules that govern the administration of the judiciary and its process.

Affirmed.