*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT LANCE PROPP,

        Defendant-Appellant.

FOR PUBLICATION
October 3, 2019

No. 343255
Saginaw Circuit Court
LC No. 16-042719-FC

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

MURRAY, C.J., (*concurring*).

I concur in the decision to affirm defendant's conviction and sentence. However, for the reasons explained briefly below, my reasons for doing so are somewhat different than that utilized by the majority.

First, with respect to the appointment of a defense expert witness at the state's expense, I would conclude that defendant satisfied the first part of the "reasonable probability" standard from *Moore v Kemp*, 809 F2d 702 (CA 11, 1987), adopted by the Supreme Court in *People v Kennedy*, 502 Mich 206, 226-228; 917 NW2d 355 (2018). In adopting the *Moore* reasonable probability standard, the *Kennedy* Court held that " 'a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.' " *Kennedy*, 502 Mich at 227, quoting *Moore*, 809 F2d at 712.

Several courts have recognized that evaluating the "reasonable probability" standard is a "dynamic one" that is, naturally, very case specific. See *Moore v State*, 390 Md 343, 369; 889 A2d 325 (MD, 2005). This case is neither heavy on the facts, nor on the science or legal theories presented. In both his motion and supporting brief, as well as at the motion hearing, defense counsel informed the trial court about "the nature of the crime and the evidence linking [defendant] to the crime," *Kennedy*, 502 Mich at 227, quoting *Moore*, 809 F2d at 712 (quotation marks omitted), by indicating that defendant was being prosecuted for murder, and that his defense was that he accidentally killed the victim through erotic asphyxiation. Defense counsel also provided a sufficient demonstration of a "substantial basis for the defense," *Kennedy*, 502

Mich at 227, quoting *Moore*, 809 F2d at 712 (quotation marks omitted), by informing the trial court that the medical examiner's testimony would be that the victim died from strangulation, that defendant and the victim had previously been a couple, that erotic asphyxiation is a somewhat unknown defense in Michigan, and that the proposed expert would be able to testify as to the practice of erotic asphyxiation, and that individuals can die through the practice. Although this information is not nearly as detailed as that provided by the defendant in *Ake v Oklahoma*, 470 US 68, 86; 105 S Ct 1087; 84 L Ed 2d 53 (1985), the *Ake* Court specifically noted that it was not expressing an "opinion as to whether any of these factors [set forth by defendant], alone or in combination, is necessary to make this finding." *Id*. at 86, n 12. Because a reading of *Ake*, *Moore*, and *Kennedy* do not lead to the conclusion that defendant's burden of production is an overly burdensome one, I would hold that defendant satisfied the first portion of the reasonable probability standard adopted in *Kennedy*.

However, as the majority concluded, in the end it is not reasonably probable that the denial of this expert assistance resulted in a fundamentally unfair trial. *Kennedy*, 502 Mich at 227. As ably recounted by the majority, in front of the jury the prosecution's expert recognized the practice of erotic asphyxiation, and that the victim's death could have resulted from that practice. This testimony, in conjunction with defendant's testimony about the circumstances surrounding the victim's death, presented the jury with a full and complete picture regarding the circumstances surrounding the victim's death, or at least defendant's version as to how it occurred. See *Stephens v Kemp*, 846 F2d 642, 646-647 (CA 11, 1988). As a result, no reversible error occurred on this issue.

Second, with respect to whether hearsay evidence is admissible under MCL 768.27b without meeting the requirements of the rules of evidence, I do not read the reference in MCL 768.27b(1) to MRE 403 to mean that all other rules of evidence are inapplicable. There are several reasons for this conclusion. For one, MCL 768.27b(1) not only explicitly invokes MRE 403, but it also implicitly invokes MRE 401 and 402 by stating that "evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is *relevant*." Of course, relevancy is determined under MRE 401, and relevant evidence is admissible under MRE 402. Thus, contrary to the majority's conclusion, MCL 768.27b(1) does not preclude consideration of *any* rule of evidence other than MRE 403.[1]

Additionally, our Court has previously concluded that this very statute did not " 'lower the . . . value of the evidence needed to convict a defendant,' " and "does not permit conviction on less evidence or *evidence of a lesser quality*." *People v Schultz*, 278 Mich App 776, 778; 754 NW2d 925 (2008) (emphasis supplied), quoting in part *People v Pattison*, 276 Mich App 613, 619; 741 NW2d 558 (2007). As the *Schultz* Court held, "MCL 768.27b did not change the

---

[1] MCL 768.27b(3) specifically states that the section "does not limit or preclude . . . consideration of evidence under any other . . . rule of evidence . . . ." This would seem to answer the question presented. Although this provision is written toward ensuring that propensity evidence can still be admitted under other rules, the literal language allows courts to consider other rules of evidence when addressing propensity evidence.

burden of proof necessary to establish the crime, ease the presumption of innocence, *or downgrade the type of evidence necessary to support a conviction.*" *Schultz*, 278 Mich App at 778 (emphasis applied). The majority's construction of MCL 768.27b runs contrary to our declaration in *Schultz* that the statute does not downgrade the type of evidence necessary to support a conviction. Instead, what MCL 768.27b does is set forth a substantive legislative policy choice—similar to that in MCL 768.27a—that propensity evidence can and should be used in prosecuting the listed crimes (taking the opposite presumption than MRE 404b), subject to an analysis under MRE 403.[2] See *People v Meissner*, 294 Mich App 438, 451-452; 812 NW2d 37 (2011). But that substantive policy decision does not address—and does not eliminate—the need for courts to test the reliability of the evidence used to prove the defendant's propensity. Nothing in the statute suggests that the legislature was requiring courts to dispense with the other rules of evidence that relate to the quality of the evidence admitted at trial. *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012); *Schultz*, 278 Mich App at 778. See, also, *People v Uribe*, 499 Mich 921, 922; 878 NW2d 474 (2016).[3]

Finally, although the *Watkins* Court refused to read additional limitations into the singular restriction contained in the introductory section of MCL 768.27a, the Court additionally refused "to read into MCL 768.27a a legislative intent to foreclose the application of other ordinary rules of evidence, such as those that pertain to hearsay and privilege." *Watkins*, 491 Mich at 485.

The prosecution concedes[4] on appeal that certain evidence was inadmissible hearsay, but also correctly argues that defendant's conviction should still be affirmed because the evidence otherwise properly admitted was more than adequate for the jury to convict defendant. Defendant's statements to the police, defendant's testimony at trial regarding what he claims led to the victim's death, and the acknowledgment by the prosecutor's expert of the dangers of erotic asphyxiation, were all presented to the jury, and in combination was more than sufficient for the

---

[2] In other words, this statutory provision was a rejection of the principles of MRE 404(b) by allowing admission of relevant propensity evidence in these types of cases, but acceptance of the ability of trial courts to determine whether such evidence was more prejudicial than probative. This, of course, is within the proper power of the legislature. See, e.g., *People v Babcock*, 244 Mich App 64, 89; 624 NW2d 479 (2000) (recognizing that the Legislature can adopt some portions of case law while rejecting other parts), rev'd on other grounds in *People v Babcock*, 469 Mich 247 (2003).

[3] Although there are certain differences between MCL 768.27a and MCL 768.27b, the two statutes are closely aligned with the same policy considerations. *People v Cameron*, 291 Mich App 599, 609-610; 806 NW2d 371 (2011).

[4] Indeed, the prosecution does not even argue that MCL 768.27b(1) allows for consideration of hearsay evidence. Instead, the prosecution argues that even setting aside the hearsay presented to the jury, the otherwise admissible evidence was more than enough to convict defendant, so any error in the admission of this evidence was harmless.

jury to find defendant guilty beyond a reasonable doubt.  For these reasons, I concur in the majority's decision to affirm defendant's conviction and sentence.


/s/ Christopher M. Murray