*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 21, 2023

v

ELMER LEE JONES,

        Defendant-Appellant.

Nos. 360474; 360479
Wayne Circuit Court
LC Nos. 21-000017-01-FH; 21-000018-01-FC

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions in two consolidated cases. We consolidated the appeals.[1] In Docket No. 360474, defendant was convicted of: (a) one count of discharge of a firearm from a vehicle, MCL 750.234a; (b) one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; (c) one count of third-degree fleeing and eluding police, MCL 257.602a(3); (d) six counts of assault with a dangerous weapon (felonious assault), MCL 750.82; (e) eight counts of possession of a firearm in commission of a felony (felony-firearm), second offense, MCL 750.227b; (f) two counts of fourth-degree child abuse, MCL 750.136b(7); (g) one count of domestic violence, MCL 750.81(2); and (h) one count of malicious destruction of personal property (MDOP), less than $200, MCL 750.377a(1)(d).[2] In Docket No. 360479, defendant was convicted of one count of arson (preparation to burn a dwelling), MCL 750.79(1)(d)(*vi*).

Defendant argues the trial court erred by joining the cases for trial. Alternatively, defendant asserts the failure of his trial counsel to move for severance constituted ineffective assistance. We

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered April 6, 2022 (Docket Nos. 360474 and 360479).

[2] Defendant was also charged and acquitted of one count of malicious destruction of fire or police property, MCL 750.377b.

conclude that the trial court's joinder was a proper exercise of its discretion, and a motion for severance would have been futile. We affirm.

## I. BACKGROUND

Defendant's convictions arise from two incidents involving Debra Braxton, with whom defendant had been in a domestic relationship and shared three children. The first incident occurred during the early morning hours of April 30, 2020, when Braxton and two of her minor children with defendant, JB and AJ, observed a fire burning next to an outer wall and window of their home. After the fire was extinguished, Braxton viewed footage from her surveillance cameras, and identified the man setting the fire as defendant.

The second incident occurred two days later in an automobile shop's parking lot. Braxton, AJ, and Braxton's three minor grandchildren were in her parked car, and JB was outside of Braxton's car. A man, who Braxton identified as defendant, drove a van into the parking lot at a high rate of speed, pointed a gun out of his driver's window, and fired multiple shots at Braxton's car and its passengers. The shop's employees witnessed the incident and it was captured on surveillance footage. Investigating police officers observed bullet holes in Braxton's car. The van, driven by defendant, was observed at a traffic signal by police on the same day. When officers attempted a traffic stop, defendant fled at a high rate of speed, ignored traffic signals, and struck other vehicles. Defendant eventually stopped the van and was apprehended by police.

Defendant was charged with crimes arising out of each incident. In case number 21-000018-01-FC, defendant was charged with arson for the fire at Braxton's home. In case number 21-000017-01-FH, defendant was charged with 22 crimes, including various weapons charges, felonious assault, fourth-degree child abuse, domestic violence, and others. At a calendar conference for both cases in January 2021, the trial court indicated that because the complaining witness and prosecuting attorney were the same in both cases, it would consolidate the cases for trial. Neither party objected to the joinder. At a conference in March 2021, the trial court discussed whether the cases would be tried together or separately, and suggested that they would be tried separately. Neither the trial court nor the parties referenced the January 2021 discussion that the cases would be consolidated for trial. At the April 2021 final conference, the trial court determined that the cases would be joined:

> *Trial Court*: Are these cases consolidated for purposes of trial? Are they the same complaining witness?
>
> [*Prosecutor*]: Yes, same complaining witness.
>
> *Trial Court*: So I made a ruling earlier that they were consolidated?
>
> [*Prosecutor*]: I believe so, Your Honor.
>
> * * *
>
> *Trial Court*: And the number of witnesses for the Prosecution? Well, isn't it all being tried at the same time?

-2-

[*Prosecutor*]: Yes, Your Honor. I submitted two separate witness lists. We can consolidate and I can resend.

\* \* \*

*Trial Court*: Um, at this point, if it's the same complaining witness and it's one act following after another, I'm going to—if I have not already ruled to consolidated [sic] it for the purposes of trial, I'm ruling that now.

[*Defense Counsel*]: Well, there's a couple of days off from each other according to the allegation one on [April] 30th and one on May 2nd.

*Trial Court*: Yeah. There is no reason to try them separately. It sounds like a continuing kind of behavior counts and a prior [domestic violence] DV action it wouldn't be able to come in under the DV statute. . . .

The trial court entered an order joining the two cases.

After a two-day bench trial, defendant was convicted of all charges except malicious destruction of police property. Defendant was sentenced in Docket No. 360474, as a fourth-offense habitual offender, MCL 769.12, to 10 to 20 years' imprisonment for discharge of a weapon from a vehicle; 5 to 10 years' imprisonment each for his felon-in-possession and fleeing and eluding convictions; 4 to 15 years' imprisonment for each count of felonious assault; five years' imprisonment for each felony-firearm conviction; 12 months' in jail for each child abuse conviction; and 3 months and 3 days in jail each for his domestic violence and MDOP under $200 convictions. Defendant was sentenced in Docket No. 360479 to 8 to 20 years' imprisonment.[3] These appeals followed.

## II. JOINDER

Defendant argues that the trial court erred by failing to permit the parties to be heard on the issue of joinder. Defendant further contends joinder was improper because the two cases were unrelated. We disagree.[4]

A trial court's decision to consolidate charges is reviewed for an abuse of discretion. *People v Breidenbach*, 489 Mich 1, 14-15; 798 NW2d 738 (2011); *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014). Before deciding whether joinder is permissible, a trial court

---

[3] Defendant was initially sentenced as a fourth-offense habitual offender, to 10 to 20 years' imprisonment for his arson conviction, but was later resentenced due to an improper offense variable point assessment.

[4] Although it is questionable whether defendant properly preserved his claim of error, we have reviewed this issue as if it was preserved. Because we find no error, it is unnecessary for us to conduct a plain-error analysis. See *People v Carines*, 460 Mich 750, 761-762; 597 NW2d 130 (1999) (holding that unpreserved arguments are reviewed for plain error affecting substantial rights).

must make a finding of the relevant facts and then determine whether those facts establish that the offenses are related for purposes of allowing joinder. *Gaines*, 306 Mich App at 304. The trial court's factual findings are reviewed for clear error, and any questions of law are reviewed de novo. *Id*. Any error in the joinder of cases does not constitute grounds for disturbing the judgment unless refusal to take such action appears to be inconsistent with substantial justice. *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009).

Joinder is governed by MCR 6.120, which states in pertinent part:

(B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, . . . when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

(a) the same conduct or transaction, or

(b) a series of connected acts, or

(c) a series of acts constituting parts of a single scheme or plan.

(2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

(3) If the court acts on its own initiative, it must provide the parties an opportunity to be heard.

(C) Right of Severance; Unrelated Offenses. On the defendant's motion, the court must sever for separate trials offenses that are not related as defined in subrule (B)(1). [MCR 6.120(B), (C).]

Defendant first contends the trial court violated MCR 6.120(B)(3) by denying the parties an opportunity to be heard on joinder. Although the trial court appeared to go back and forth on the joinder issue, joinder was discussed at three separate conferences before the trial court joined the cases at the final conference. At each of the three conferences, the trial court expressed uncertainty about joinder and solicited input from the parties. We conclude that the parties were provided with an opportunity to be heard pursuant to MCR 6.120(B)(3).

Defendant further argues joinder was improper because the cases were not related, as defined in MCR 6.120(B)(1). Offenses are "related" if they consist of the "same conduct" or "a series of connected acts, or . . . acts constituting parts of a single scheme or plan." MCR 6.120(B)(1)(a)-(c). Joinder is appropriate when there is a logical relationship between the joined

counts. *Williams*, 483 Mich at 237. Under the plain language of the court rule, there is no temporal requirement. *Id*. at 241. We conclude that the trial court did not err by finding that the offenses were a series of connected acts. Although the acts in this case were two days apart, they were related to defendant's attempt to harm or threaten Braxton and her family. Braxton was not only a common witness, she was a victim of defendant's conduct in both cases. See *People v Collins*, 298 Mich App 458, 469-470; 828 NW2d 392 (2012) (finding charges for multiple drug deliveries to the same individual were "connected acts."). See also *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2004) (finding the offenses were related when they "occurred within a couple of hours of each other in the same neighborhood, with the same weapon, . . . interspersed with target shooting at various outdoor objects," and, importantly, with a single state of mind).

Joinder is further favored under MCR 6.120(B)(2). Both cases involve the same prosecutor, defense attorney, and Braxton as the key witness. Separate trials in each case would have drained the parties' resources and inconvenienced the key witness. And there was no indication that the trial court, as the trier of fact, was confused or misled because of the number of charges or the complexity or nature of the evidence. There is a presumption in a bench trial that the trial court is familiar with the applicable law and is able to distinguish between admissible and inadmissible evidence. *People v Lanzo Constr Co*, 272 Mich App 470, 484-485; 726 NW2d 746 (2006). The trial court correlated its factual findings with the convicted offenses and dismissed the charge that it deemed was unsupported by its view of the evidence.

Finally, we examine the admissibility of evidence in separate trials because the joinder of other crimes cannot prejudice defendant. *Williams*, 483 Mich at 236-237. Defendant cites the trial court's offhand remark that the evidence of each incident would not be admissible in separate trials "under the DV statute." The Legislature has stated:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403. [MCL 768.27b(1).][5]

Regardless of the trial court's comment, evidence from either incident could have been introduced under MCL 768.27b in separate trials because defendant allegedly attempted to cause harm to Braxton and his children in both cases. See *People v Schultz*, 278 Mich App 776, 778; 754 NW2d 925 (2008) (finding MCL 768.27b permits the prosecution to introduce evidence of prior domestic violence to show a defendant's character or a defendant's propensity to commit domestic violence).

We conclude that the trial court did not abuse its discretion by finding that the cases were appropriate for joinder in accordance with MCR 6.120.

---

[5] Under MCL 768.27b, an offense involving domestic violence includes causing, or attempting to cause, physical or mental harm to a family member, MCL 768.27b(6)(a)(*i*), and a family member includes an individual with whom a defendant has a child in common, MCL 768.27b(6)(b)(*iii*).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant alternatively argues that the failure of his trial counsel to move for severance constituted ineffective assistance, necessitating a new trial. We disagree.

"Generally, an ineffective-assistance-of-counsel claim presents a 'mixed question of fact and constitutional law.' " *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019), quoting *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "Constitutional questions are reviewed de novo, while findings of fact are reviewed for clear error." *Hieu Van Hoang*, 328 Mich App at 63. Because there was no evidentiary hearing to develop defendant's claim of ineffective assistance of counsel, our review is limited to errors apparent on the record. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018).[6]

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Id*. at 539 (cleaned up). Defense counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 688, 690; 104 S Ct 2052; 80 L Ed 674 (1984); see also *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). Defense counsel's conduct does not fall below an objective standard of reasonableness if the court can conceive of a legitimate strategic reason for that conduct. *People v Clark*, 330 Mich App 392, 427; 948 NW2d 604 (2019). Defense counsel is never required to advocate for a meritless position. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

As we discuss in subsection II of this opinion, the trial court's joinder was a proper exercise of its discretion. Thus, a motion to sever the cases would have been futile. Defense counsel was not ineffective for failing to advocate for a meritless position. See *Snider*, 239 Mich App at 425.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[6] Defendant filed a motion to remand for an evidentiary hearing under MCR 7.211(C)(1)(a) and *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). We denied the motion without prejudice. *People v Jones*, unpublished order of the Court of Appeals, entered April 6, 2023 (Docket Nos. 360474 and 360479). Defendant has not set forth any additional facts that would require development of a record on remand. See *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). Accordingly, remand is unnecessary.