*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2024

Plaintiff-Appellee,

v

No. 366004
Macomb Circuit Court

JOSE RAMON MARTINEZ,

LC No. 22-002516-FH

Defendant-Appellant.

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of domestic violence, third offense, MCL 750.81(4). We affirm.

This case arises out of an incident of domestic violence, committed by defendant against his on-again, off-again girlfriend, Deanne Gilbert. On the morning of June 27, 2021, defendant sent Gilbert a text message, telling her to come over to his apartment. When Gilbert arrived, defendant accused her of "f\*\*\*ing" one of her friends, approached Gilbert and grabbed and squeezed her throat, as she was pressed against a wall. In the ensuing struggle, Gilbert fell to the ground and defendant either kicked or stepped on her. Defendant was charged with one count of assault by strangulation, MCL 750.84(1)(b), and one count of domestic violence, third offense, MCL 750.81(4).

Before trial the prosecutor sought to admit evidence under MCL 768.27b(1) of two prior instances of assaultive behavior committed by defendant against Gilbert, which occurred in 2012 and 2013. In the earlier instances, defendant was charged with domestic violence, but pleaded no contest to assault and battery. The prosecutor argued the evidence of prior acts was relevant because it demonstrates a cycle of domestic violence in defendant and Gilbert's relationship. The trial court denied the prosecutor's motion, reasoning the prior acts were too far removed in temporal proximity from the current incident. The trial court noted the prior offenses occurred nine and 10 years before the incidents at issue and defendant and Gilbert continued their on-again, off-again relationship after the offenses occurred.

During trial, defendant was asked on direct examination to describe his relationship with Gilbert. He responded: "Lonely, empty, controlling. Couldn't do certain things 'cause it would upset her. After so much time, I realized that I was alone. I was literally the side chick, for lack of a better term. I was the side chick." When asked how it made him feel, defendant responded: "Worthless. I don't know. Worthless, ugly." Defendant also stated he felt he was being tracked by Gilbert. When asked why he felt that way, defendant responded: "Somehow, she was able to tell me where I was when I never shared that information. She'd show up where I was."

At the close of defendant's direct examination, the prosecution renewed its motion to bring in prior acts evidence, arguing defendant opened the door to the previous acts by testifying he felt he was being tracked and under Gilbert's control. Defendant disagreed, arguing there was no testimony about physical control, only mental control. The trial court admitted the evidence, reasoning defendant's testimony is "totally inconsistent with the assaulting of the other partner . . . . [I]f, indeed, he felt controlled, the reaction is not to assault. That's a physical reaction, and totally inconsistent with being controlled."

The jury found defendant guilty of domestic violence, but not guilty of assault by strangulation. This appeal followed.

Defendant argues the trial court abused its discretion by admitting evidence of defendant's prior acts of domestic violence. We review "a trial court's decision regarding the admissibility of other-acts evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted).

Under MCL 768.27b(1), "in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." "MCL 768.27b expressly imposes a 10–year limitation on the admissibility of other-acts evidence in domestic violence cases . . . ." *People v Watkins*, 491 Mich 450, 488; 818 NW2d 296 (2012); MCL 768.27(b)(4). MRE 403 states relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "[P]rior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history . . . tend[s] to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted).

"The statutory language and policy considerations of MCL 768.27b clearly demonstrate the Michigan Legislature's intent to allow prior-bad-acts evidence to be introduced at trial as long as the evidence satisfies the 'more probative than prejudicial' balancing test of MRE 403 . . . ." *Id*. MCL 768.27b(1) "stands in stark contrast to MRE 404(b)(1), which requires a proponent to offer more than the transparency of a person's character as justification for admitting evidence of other crimes or wrongs." *People v Schultz*, 278 Mich App 776, 778; 754 NW2d 925 (2008). MCL 768.27b(1) "in certain instances expands the admissibility of domestic-violence other-acts

evidence beyond the scope permitted by MRE 404(b)(1)." *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012). Because MCL 768.27b(1) is more expansive, and defendant's prior acts of domestic violence toward Gilbert occurred within the 10-year limitation on admissibility, MCL 768.27b(1) governs the analysis of this case.

The prosecution argues defendant "opened the door" to the introduction of prior acts evidence by testifying Gilbert was controlling and tracked him. See *People v Steele*, 283 Mich App 472, 486; 769 NW2d 256 (2009). But whether it is viewed as defendant "opening the door" to admission of the other acts, or as defendant's testimony making the other acts evidence more probative than thought prior to trial, the main issue was whether evidence of defendant's prior acts of domestic violence were admissible under MCL 768.27b(1). Evidence of defendant's prior acts of domestic violence toward Gilbert were relevant, and the statutory criteria for their admission was satisfied. See *Cameron*, 291 Mich App at 610. The pertinent inquiry was whether the evidence was more probative than prejudicial under MRE 403.

"Rule 403 does not prohibit prejudicial evidence; only evidence that is unfairly so. Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). "This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005) (quotation marks and citations omitted).

We apply a two-step inquiry when determining whether evidence should be excluded under MRE 403. *Cameron*, 291 Mich App at 611. "First, this Court must decide whether introduction of [defendant's] prior-bad-acts evidence at trial was unfairly prejudicial. Then, this Court must apply the balancing test and weigh the probativeness or relevance of the evidence against the unfair prejudice." *Id*. (quotation marks and citation omitted).

> There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Watkins*, 491 Mich at 487-488 (citations omitted).]

"Evidence is not unfairly prejudicial under MRE 403 merely because it damages a party's case. Rather, undue prejudice refers to an undue tendency to move the tribunal to decide on an improper basis." *People v Buie (On Remand)*, 298 Mich App 50, 73; 825 NW2d 361 (2012) (quotation marks and citations omitted). "Because prior acts evidence carries with it a high risk of confusion and misuse, there is a heightened need for the careful application of the principles set forth in MRE 403." *Crawford*, 458 Mich at 398.

Before trial, the trial court ruled the evidence of prior acts was unfairly prejudicial, based on the length of time between the prior acts and current case, and the continuing relationship between defendant and Gilbert after the prior acts occurred.

After defendant's testimony at trial, a different picture was painted. Because defendant testified Gilbert was controlling and he felt Gilbert was tracking him, defendant implied Gilbert was the abusive party in the relationship. After defendant's testimony, the nature and history of defendant's relationship with Gilbert became an increasingly important consideration. The relevance of evidence of prior acts of domestic violence became more apparent, and increased the need for evidence beyond Gilbert's and defendant's testimony, demonstrating the nature of the parties' relationship. Introduction of evidence of defendant's prior acts of domestic violence had high probative value, because it helped the jury see the full picture of defendant and Gilbert's relationship. The trial court did not abuse its discretion by finding the probative value of the other acts evidence outweighed the risk of unfair prejudice. Given the admissibility of the evidence, defendant's due-process rights were not violated by introduction of the evidence.[1]

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[1] Even if the trial court did abuse its discretion, any error was harmless. Gilbert's testimony, the admitted photographs, text messages between the parties, and other evidence provided more than sufficient independent evidence to support the conviction. The additional evidence of defendant's prior acts—which he mostly denied—was not outcome determinative. MCL 769.26.