Memorandum Opinion. At issue is whether MCL 768.27b infringes on this Court’s authority to establish rules of “practice and procedure” under the Michigan Constitution. The Constitution provides that “[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state.” Const 1963, art 6, § 5.
MCL 768.27b addresses the admissibility of evidence in domestic-violence cases that a defendant has committed other acts of domestic violence. It provides in part:
(1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant’s commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.
(4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice. [MCL 768.27b.]
The statute thus in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1), which states:
*3 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.
In People v Watkins, 491 Mich 450; 818 NW2d 296 (2012), this Court addressed an issue very similar to that presented here. The statute at issue in Watkins, MCL 768.27a, addresses the admissibility of evidence that a defendant accused of certain sexual offenses against a minor has committed other sexual offenses against a minor. Though that statute also in certain circumstances expanded the admissibility of such evidence beyond the scope permitted by MRE 404(b)(1), we determined that it did not infringe on this Court’s authority under Const 1963, art 6, § 5. We hold that the reasoning of Watkins fully controls in this case. For the reasons articulated in Watkins, we conclude that MCL 768.27b does not infringe on this Court’s authority to establish rules of “practice and procedure” under Const 1963, art 6, § 5. Likewise, the dissent’s arguments here — the same as those advanced by the dissent in Watkins — are unpersuasive for the reasons articulated by the Court in Watkins.
In lieu of granting defendant’s application for leave to appeal, we affirm the judgment of the Court of Appeals.[1]
Young, C.J., and Markman, Mary Beth Kelly, and ZAHRA, JJ., concurred.

 People v Mack, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2011 (Docket No. 295929).