# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v PROPP

Docket No. 160551. Argued October 6, 2021 (Calendar No. 2). Decided December 6, 2021.

Robert L. Propp was convicted following a jury trial in the Saginaw Circuit Court of first-degree premeditated murder, MCL 750.316(a)(1). The victim, defendant's ex-girlfriend and the mother of his child, was found dead in her own bed. Defendant, who had spent the night with the victim, gave the police several conflicting accounts of what had happened in the preceding hours; however, it was undisputed that the victim had died by neck compression. Before trial, defendant moved for funds to retain an expert in the area of erotic asphyxiation, claiming that the testimony was necessary to support his claim that the victim's death was accidental. The court, Darnell Jackson, J., denied the motion, reasoning that the record did not support that theory. The prosecution then moved to introduce evidence of defendant's prior acts of domestic violence against the victim as well as prior acts against his ex-wife; the majority of the evidence came in the form of statements the victim had made to friends and family members concerning her relationship with defendant. Defendant objected, arguing that the other-acts evidence was either inadmissible hearsay under MRE 802 or more prejudicial than probative under MRE 403. The court granted the prosecution's motion in its entirety, and the jury ultimately found defendant guilty as charged. The Court of Appeals, METER and FORT HOOD, JJ. (MURRAY, C.J., concurring), affirmed defendant's conviction. 330 Mich App 151 (2019). In affirming the trial court's denial of defendant's motion for funds to retain an expert, the Court of Appeals reasoned that because defendant sought appointment of an expert to assert the "affirmative defense" that the victim had died accidentally, he was required—but had failed—to additionally demonstrate a substantial basis for the defense. In affirming the trial court's decision to admit other-acts evidence of domestic abuse, the Court of Appeals applied the Supreme Court's analysis of MCL 768.27a(1) in *People v Watkins*, 491 Mich 450 (2012), to the language of MCL 768.27b(1)—which addresses the admission of domestic-abuse other-acts evidence—to conclude that, under MCL 768.27b, admission of that evidence was only limited by MRE 403, not by any other rules related to the admission of evidence. Defendant appealed.

In a unanimous opinion by Justice BERNSTEIN, the Supreme Court *held*:

Because the defense of accident to the charge of first-degree premeditated murder is not an affirmative defense, the Court of Appeals erred by applying the standard for affirmative defenses to defendant's request for an expert witness. The Court of Appeals should have applied the correct

standard under *People v Kennedy*, 502 Mich 206 (2018); specifically, the Court should have considered whether there was a reasonable probability that the expert would have been helpful to the defense and whether the denial of expert assistance rendered the trial fundamentally unfair. Because the Court of Appeals failed to apply the correct standard, the Court of Appeals' analysis of the issue had to be vacated and the case remanded to the Court of Appeals for consideration of the issue under the correct standard. Further, under MCL 768.27b(3), *any* rule of evidence not specifically mentioned in MCL 768.27b may be considered when determining whether other-acts evidence is admissible under that statute. The trial court therefore erred as a matter of law by failing to consider MRE 802 when determining that the challenged other-acts evidence was admissible. Accordingly, the Court of Appeals' holding regarding the other-acts evidence had to be reversed and the case remanded for the Court of Appeals to determine whether the rules of evidence would otherwise bar the admission of the other-acts evidence.

1. Under *Kennedy*, the due-process analysis set forth in *Ake v Oklahoma*, 470 US 68 (1985), governs the issue whether an indigent criminal defendant is entitled to the appointment of an expert witness at government expense; MCL 775.15 does not encompass requests by an indigent criminal defendant for the appointment of an expert. When requesting appointment of an expert witness at government expense, a defendant must show the trial court that there exists a reasonable probability both that the expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial. Generally, when requesting an expert to assist in confronting the prosecution's proof, a defendant must inform the court of the nature of the prosecution's case and how the requested expert would be useful. At a minimum, a defendant must inform the trial court about the nature of the crime and the evidence linking them to the crime. However, when a defendant requests an expert to present an affirmative defense, a defendant must make the additional showing of a substantial basis for the defense. An affirmative defense is one in which a defendant admits the crime but seeks to excuse or justify its commission. An affirmative defense does not negate specific elements of the crime, and the defendant bears the burden of proving an affirmative defense. Because the intent to kill is an element of first-degree murder, the prosecution bears the burden of proving that intent beyond a reasonable doubt to secure a conviction. The defense of accident is not an affirmative defense to that offense because the defendant does not bear the burden of negating intent; thus, a defendant who asserts the defense of accident does not bear the burden of proving a lack of intent for a crime, like first-degree premeditated murder, that includes intent as an element. In this case, because defendant's claim of accident was not an affirmative defense for the crime of first-degree premeditated murder, the Court of Appeals erred by applying the standard for affirmative defenses to defendant's request for an expert witness. Instead, the Court should have considered whether there was a reasonable probability that the expert would have been helpful to the defense and whether the denial of expert assistance rendered the trial fundamentally unfair. Accordingly, the Court of Appeals' analysis of the issue had to be vacated and the case remanded to the Court of Appeals for consideration of the issue under the correct standard.

2. MRE 404(b) provides that, in general, evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts. However, in certain circumstances, MCL 768.27b expands the admissibility of evidence of other acts of domestic violence beyond the scope permitted by MRE 404(b)(1). In that regard, MCL 768.27b(1) provides that in a criminal action in which a defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any

purpose for which it is relevant if it is not otherwise excluded under MRE 403. In turn, MCL 768.27b(3) provides that MCL 768.27b does not limit or preclude the admission or consideration of evidence under any other statute, rule of evidence, or caselaw. Although MCL 768.27b(3) appears to be primarily directed at allowing the admission of evidence under other sources of law, the statute plainly allows for the consideration of evidence under any other rule of evidence. Therefore, rules of evidence not specifically mentioned in MCL 768.27b may be considered when determining whether other-acts evidence is admissible under that statute. Thus, MCL 768.27b does not limit or preclude the consideration of MRE 802, which states that hearsay is generally not admissible. In this case, the trial court erred as a matter of law by failing to consider the other rules of evidence when determining that the challenged other-acts evidence was admissible. Because MCL 768.27a does not contain language similar to MCL 768.27b(3), any reliance on *Watkins*'s interpretation of MCL 768.27a is ultimately irrelevant to the meaning of MCL 768.27b. On remand, the Court of Appeals would need to consider whether the rules of evidence would otherwise bar admission of the other-acts evidence in question.

Vacated in part, reversed in part, and remanded to the Court of Appeals.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED  December 6, 2021

## STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v                                                                    No. 160551

ROBERT LANCE PROPP,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH

BERNSTEIN, J.

　　　　This case concerns a death where the only issue is defendant's intent.  Defendant argues both that an expert was necessary to support his theory that the death was accidental and that evidence of other acts of domestic violence was improperly admitted.  We hold that the Court of Appeals erred by holding that defendant was required to make the additional showing necessary for affirmative defenses in order to be entitled to expert assistance and by holding that rules of evidence other than MRE 403 do not apply to other-

acts evidence admitted under MCL 768.27b. Accordingly, we vacate the judgment of the Court of Appeals in part, reverse the judgment in part, and remand to the Court of Appeals for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On July 6, 2016, emergency responders found Melissa Thornton dead in her own bed. Thornton was defendant Robert Propp's ex-girlfriend and the mother of his child. Although the relationship between defendant and Thornton had been described as tumultuous, defendant had spent the night with Thornton after socializing with both Thornton and her sister. Defendant placed the 911 call that morning, and he gave the police several conflicting accounts of what had happened in the preceding hours. The autopsy report attributed Thornton's death to neck compression.

Defendant was bound over for trial on one count of open murder.[1] Two pretrial motions were filed that are of particular significance. In one, defendant moved for funds to retain an expert in the area of erotic asphyxiation, on the theory that Thornton's death was accidental.[2] The trial court denied the motion, reasoning that the facts on the record did not support the theory. In the other, the prosecution moved to introduce evidence of defendant's other acts of domestic violence under MCL 768.27b. These other acts can

---

[1] "Neither statute nor case law requires specification of the degree of murder at a preliminary examination where open murder is charged in the information." *People v Johnson*, 427 Mich 98, 107; 398 NW2d 219 (1986) (opinion by BOYLE, J.).

[2] Defendant argues that he and Thornton consensually engaged in the practice of erotic asphyxiation, wherein defendant restricted Thornton's airway during intercourse. Defendant alleges that an expert would testify that the practice can be dangerous and even deadly when not performed correctly.

generally be separated into two groups: statements that Thornton had made to friends and family concerning her relationship with defendant and testimony by defendant's ex-wife about abuse she had endured during their marriage. Defendant objected to the admission of these prior acts, arguing that this evidence was either inadmissible hearsay or more prejudicial than probative, but the trial court granted the prosecution's motion to admit the evidence in its entirety.

Defendant thus proceeded to trial without the assistance of an expert and with the other acts of domestic violence admitted against him. Following a jury trial, defendant was convicted of first-degree premeditated murder, pursuant to MCL 750.316(a)(1), for which defendant received a mandatory sentence of life in prison without parole.

Defendant appealed as of right. On October 3, 2019, the Court of Appeals affirmed his conviction in a published opinion. *People v Propp*, 330 Mich App 151; 946 NW2d 786 (2019). Defendant timely sought leave to appeal in this Court. On October 21, 2020, this Court granted leave to appeal, directing the parties to address:

> (1) whether the Court of Appeals correctly applied *People v Kennedy*, 502 Mich 206 (2018), when it affirmed the trial court's decision to deny the defendant's motion for expert funding; and (2) whether the Court of Appeals correctly held that evidence of other acts of domestic violence is admissible under MCL 768.27b regardless of whether it might be otherwise inadmissible under the hearsay rules of evidence. [*People v Propp*, 506 Mich 939 (2020).]

## II. REQUEST FOR EXPERT WITNESS

### A. STANDARD OF REVIEW

Defendant alleges a violation of his due-process rights, which is an issue of constitutional law that this Court reviews de novo. *People v Smith*, 498 Mich 466, 475; 870 NW2d 299 (2015).

3

B.  ANALYSIS

In *People v Kennedy*, 502 Mich 206, 211-212; 917 NW2d 355 (2018), the defendant's request for a DNA expert had been denied for failure to show that expert testimony would benefit his defense as purportedly required by MCL 775.15.  In *Kennedy*, we clarified that MCL 775.15 was inapplicable to such requests and that the due-process analysis laid out in *Ake v Oklahoma*, 470 US 68; 105 S Ct 1087; 84 L Ed 2d 53 (1985), instead controlled.  *Kennedy*, 502 Mich at 219-220.  *Ake* itself involved a defendant's claim of insanity and his request for a psychiatric expert; we held that the *Ake* due-process analysis applied beyond that context and more broadly governed requests by indigent criminal defendants for the appointment of an expert at government expense.  *Id*. at 219-220, 225.[3]

In determining the standard for courts to review such requests, this Court adopted the reasonable-probability standard articulated in *Moore v Kemp*, 809 F2d 702 (CA 11, 1987).  Specifically, this Court held that " 'a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.' " *Kennedy*, 502 Mich at 227, quoting *Moore*, 809 F2d at 712.  Generally, when requesting an expert " 'to assist . . . in confronting the prosecution's proof,' " a defendant " 'must inform the court of the nature of the prosecution's case and how the requested expert would

---

[3] To the extent that *Kennedy* only concerned indigent criminal defendants, we reiterate the Court of Appeals' note that "[d]efendant was originally appointed counsel on the basis of his indigence, and although he later retained counsel, there is no evidence that defendant's financial circumstances changed during the pendency of the case." *Propp*, 330 Mich App at 160 n 2.

be useful.' " *Kennedy*, 502 Mich at 227, quoting *Moore*, 809 F2d at 712. At a minimum, this requires a defendant to inform the trial court about the nature of the crime and the evidence linking him to the crime. *Kennedy*, 502 Mich at 227. However, when a defendant requests an expert to present an affirmative defense, a defendant must make the additional showing of a substantial basis for the defense. *Id*.

In this case, the Court of Appeals held that "defendant sought appointment of an expert in order to assert the affirmative defense that the victim died accidentally while she and defendant engaged in erotic asphyxiation. Accordingly, defendant was required to demonstrate a 'substantial basis for the defense.' " *Propp*, 330 Mich App at 163, quoting *Moore*, 809 F2d at 712.

The Court of Appeals did not explain why it characterized the defense at issue here as an affirmative defense. "An affirmative defense admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime." *People v Dupree*, 486 Mich 693, 704 n 11; 788 NW2d 399 (2010). *Black's Law Dictionary* similarly defines "affirmative defense" as follows:

> A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true. *The defendant bears the burden of proving an affirmative defense.* Examples of affirmative defenses are duress (in a civil case) and insanity and self-defense (in a criminal case). [*Black's Law Dictionary* (11th ed), p 528 (emphasis added).]

Recall two things: Defendant requested an expert here to pursue his theory that the killing was accidental, and defendant was convicted of first-degree premeditated murder. One of the elements of first-degree premediated murder is the intent to kill; moreover, that intent to kill must be both deliberate and premeditated. *People v Dykhouse*, 418 Mich 488, 495;

345 NW2d 150 (1984). See also *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018). Unlike insanity, which was the defense at issue in *Ake*, a defendant who advances a defense of accident does not bear the burden of proving a lack of intent for a crime that includes intent as an element. In other words, because intent to kill is an element of first-degree premeditated murder, it was the *prosecution's* burden to prove intent beyond a reasonable doubt in order to secure the conviction. The defense of accident was not an affirmative defense because defendant did not bear the burden of negating intent.

Accordingly, the Court of Appeals erred by applying the standard for affirmative defenses to defendant's request for expert assistance. Because the Court of Appeals failed to apply the correct standard, we vacate the Court of Appeals' analysis on this issue and remand to the Court of Appeals for consideration of the correct standard under *Kennedy*— namely, whether there was a reasonable probability that the expert would have been helpful to the defense and whether the denial of expert assistance rendered the trial fundamentally unfair.

## III. OTHER ACTS

### A. STANDARD OF REVIEW

A trial court's decision to admit evidence will not be disturbed absent an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo. *Id.* A trial court necessarily abuses its discretion when it admits evidence that is inadmissible as a matter of law. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

6

In this case, the admissibility of evidence depends on the application of a statute. "Questions of statutory interpretation are reviewed de novo." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015). Statutes are to be interpreted in accordance with legislative intent, the most reliable evidence of which is the plain language of the statute itself. *Id.* "When interpreting a statute, we must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *People v Rea*, 500 Mich 422, 427-428; 902 NW2d 362 (2017) (quotation marks and citation omitted).

## B. ANALYSIS

At issue is the application of MCL 768.27b, which addresses the admissibility of evidence of other acts of domestic violence committed by a defendant in a domestic-violence case. Generally, under MRE 404(b), "evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts." *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). However, this Court has acknowledged that MCL 768.27b "in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1) . . . ." *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012).

In relevant part, the version of the statute in effect during defendant's trial read as follows:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

* * *

(3) This section does not limit or preclude the admission or consideration of evidence under any other statute, rule of evidence, or case law.  [MCL 768.27b, as amended by 2006 PA 78.]

The Court of Appeals majority compared the language of MCL 768.27b(1) with that of MCL 768.27a(1).  MCL 768.27a is a similar statute that addresses the admissibility of evidence of other acts when both the other acts and the current act involve a listed offense against a minor.  But only MCL 768.27b(1) specifically notes that evidence is admissible "if it is not otherwise excluded under Michigan rule of evidence 403."  In *People v Watkins*, 491 Mich 450, 456, 466, 481-486; 818 NW2d 296 (2012), this Court addressed the lack of similar language in MCL 768.27a(1) and concluded that evidence sought to be admitted under that statute nonetheless remained subject to the balancing test of MRE 403.

Given the similarities between both the language and purpose of the two statutes, it is understandable that the Court of Appeals majority referred to *Watkins*, which engaged in a close reading of both statutes.  However, given that *Watkins* dealt with the application of MCL 768.27a, any reference to MCL 768.27b was only done for the sake of comparison.  In other words, it was unnecessary in *Watkins* to examine MCL 768.27b in its entirety.  Because our focus in this case is on the application of MCL 768.27b, we do not limit our examination of the statute to only the first subsection.  As the Court of Appeals concurrence noted, MCL 768.27b(3) is conclusive on the issue; moreover, because there is no equivalent to MCL 768.27b(3) in MCL 768.27a, any reliance on *Watkins*'s interpretation of MCL 768.27a is ultimately irrelevant to the meaning of MCL 768.27b.

MCL 768.27b(3) states: "*This section does not limit or preclude the admission or consideration of evidence under* any other statute, *rule of evidence*, or case law."

8

(Emphasis added.)  Although this provision appears to be primarily directed to allow the *admission* of evidence under other sources of law, the plain language of the statute allows for the *consideration* of evidence under any other rule of evidence.  It is thus apparent that rules of evidence not specifically mentioned in MCL 768.27b may nonetheless be considered when determining whether evidence is admissible.[4]  Specifically, MCL 768.27b does not limit or preclude the consideration of MRE 802, which states that hearsay is generally not admissible.[5]

---

[4] Although the plain language of MCL 768.27b(3) makes this clear, it bears noting that MCL 768.27b(1) itself states that domestic-violence other-acts evidence is "admissible for any purpose for which it is *relevant*[.]"  (Emphasis added.)  This can only be taken as referring to MRE 401 and MRE 402, which are not otherwise mentioned in the text of MCL 768.27b(1).

[5] We note that our conclusion here is consistent with our reasoning in *Watkins*.  In *Watkins*, we explained:

> We are also mindful of "consider[ing] whether [the statute and rule of evidence] can be construed so as not to conflict," and "[w]e do not lightly presume that the Legislature intended a conflict . . . ."  Unlike the irreconcilable conflict between MCL 768.27a and MRE 404(b), there is nothing inherent in the statute that prevents the application of MRE 403.  And because MCL 768.27a makes no specific mention of MRE 403, we choose not to presume that the Legislature intended that MRE 403 not apply to other-acts evidence admissible under the statute.  The Legislature could have expressly exempted evidence admissible under MCL 768.27a from analysis under MRE 403, but it did not. [*Watkins*, 491 Mich at 482-483 (alterations in original), quoting *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999), and *People v Dobben*, 440 Mich 679, 697 n 22; 488 NW2d 726 (1992).]

The same is true here.  We do not lightly presume that the Legislature intended a conflict between MCL 768.27b and the rules of evidence.  While MCL 768.27b could have explicitly said that evidence admissible under the statute is generally exempt from the rules of evidence, it does not.  Accordingly, we conclude that the rules of evidence apply to evidence sought to be admitted under MCL 768.27b.

Given that the plain language of MCL 768.27b(3) allows for the consideration of other rules of evidence, the trial court erred as a matter of law by failing to consider these other rules in determining whether the challenged prior acts were admissible. We thus reverse the Court of Appeals' holding on this issue and remand for the Court of Appeals to determine whether the rules of evidence would otherwise bar the admission of the prior acts in question.

## IV. CONCLUSION

We conclude that the Court of Appeals erred by applying the wrong standard to review defendant's request for expert assistance and by failing to consider other rules of evidence when determining the admissibility of prior acts. Accordingly, we vacate Part II of the judgment of the Court of Appeals addressing due process, reverse Part IV of the judgment of the Court of Appeals addressing the application of MCL 768.27b, and remand to that same court for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Richard H. Bernstein
Bridget M. McCormack
Brian K. Zahra
David F. Viviano
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

10