*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RANDALL EUGENE STOGSDILL,

Defendant-Appellant.

UNPUBLISHED
May 13, 2026
12:11 PM

No. 366612
Allegan Circuit Court
LC No. 2022-025065-FH

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Defendant, Randall Stogsdill, appeals as of right his jury trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82(1); and domestic violence, MCL 750.81(2), (4). We affirm.

## I. BASIC FACTS

Stogsdill's convictions stem from an incident that occurred on February 11, 2022. At that time, Stogsdill was living with Lori Dutkowski and the two were in a "dating relationship." Dutkowski's daughter and her daughter's boyfriend were over at the house for dinner. They were discussing car insurance over the kitchen table. Stogsdill joined them at the table when he returned from work. He had been drinking heavily. The conversation at the table escalated to a verbal argument. Stogsdill then grabbed Dutkowski by her neck and flung her against the refrigerator. He then shoved Dutkowski's daughter's head into the kitchen counter before grabbing a kitchen knife and holding it against the throat of Dutkowski's daughter's boyfriend. Stogsdill was knocked to the floor by the boyfriend, who then went to check on Dutkowski's daughter. The two then fled the house and called 911. When the police arrived, they smelled alcohol on Stogsdill's breath and observed that he had a cut on his thumb. Dutkowski had bloody smudges on her neck where he had grabbed her. Stogsdill was arrested and charged with domestic violence and three counts of felonious assault. Following a jury trial, he was convicted of domestic violence and one count of felonious assault. This appeal follows.

-1-

## II. EFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Stogsdill argues that his lawyer was ineffective for not objecting to the admission of other-acts evidence. Because "an evidentiary hearing has not been held, our review is limited to mistakes apparent from the record." *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017).

### B. ANALYSIS

To establish ineffective assistance, the defendant has the burden of establishing that "(1) that [his lawyer's] representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for [his lawyer's] unprofessional errors, the result of the proceeding would have been different." *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020) (quotation marks and citations omitted).

Stogsdill argues that his lawyer's performance was deficient because he did not object to the other-acts evidence under MCL 768.27b and MRE 404(b). MRE 404(b) generally prohibits the use of other-acts evidence to prove a person's character in order to show that he or she acted in conformity with their character. There are, however, exceptions to that general prohibition. One such exception is set forth in MCL 768.27b, which provides in relevant part:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence . . . evidence of the defendant's commission of other acts of domestic violence . . . is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

MCL 768.27b contains three limitations on the introduction of prior acts of domestic violence in current prosecutions for offenses involving domestic assault. *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 4. First, "[e]vidence of an act occurring more than 10 years before the charged offense" is generally not admissible. MCL 768.27b(4). Second, the evidence must be relevant, as defined by MRE 401 and MRE 402. MCL 768.27b(1). Third, such evidence is inadmissible if it is "excluded under Michigan rule of evidence 403." MCL 768.27b(1).

Stogsdill's 2019 domestic-violence conviction plainly falls within the scope of MCL 768.27b. It took place fewer than 10 years before the charged offense, it involved domestic violence as defined in MCL 768.27b(6)(a), the prosecution provided proper notice as required by MCL 768.27b(2), and Stogsdill was accused of an offense involving domestic violence as defined in MCL 768.27b(6)(a).

It is equally clear that the evidence is relevant to the charges Stogsdill faced at trial. "Other-acts evidence is logically relevant if two components are present: materiality and probative value." *People v Denson*, 500 Mich 385, 401; 902 NW2d 306 (2017).

"Materiality is the requirement that the proffered evidence be related to 'any fact that is of consequence' to the action." *People v Crawford*, 458 Mich 376, 389; 582 NW2d 785 (1998). A fact is "of consequence to the action" if it is "directed at an element of the crime or an applicable

defense" or if it "is 'in issue' in the sense that it is within the range of litigated matters in controversy." *People v Sabin (After Remand)*, 463 Mich 43, 57; 614 NW2d 888 (2000) (quotation marks and citations omitted). In general, when a defendant denies that he committed the charged offense, all elements of the offense are "in issue." *Crawford*, 458 Mich at 389. Here, the other-acts evidence consisted of the testimony of the woman that Stogsdill was dating in 2019, and it was offered to rebut his argument in this case that he did not assault Dutkowski. Therefore, the first part of the relevance analysis, materiality, is met. See *id*.

The prosecution also must "demonstrate the probative value of the other-acts evidence." *Denson*, 500 Mich at 402. Evidence has probative value when it "tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Crawford*, 458 Mich at 389-390 (quotation marks and citation omitted). "[P]ropensity evidence is logically relevant because a person who has committed an offense may be more likely to commit that or another offense than a person who has not committed that or any other offense." *Berklund*, ___ Mich App at ___; slip op at 7 (quotation marks, citation, and alteration omitted). MCL 768.27b allows the prosecution to present evidence of a defendant's other domestic-violence acts for the purpose of showing propensity. *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018). Therefore, the fact that the other-acts evidence may only be probative of Stogsdill's propensity does not render the evidence irrelevant.

Regardless, the similarity of the 2019 offense and the charged offense lends weight to the probative value of the other-acts evidence because it demonstrates that it is more likely than not that Stogsdill committed the charged offense, and that Dutkowski was telling the truth about the circumstances underlying the charged offense. See *People v Watkins*, 491 Mich 450, 492; 818 NW2d 296 (2012). Specifically, in both instances Stogsdill was intoxicated, he lived with his then girlfriend at the time, he assaulted his girlfriend by grabbing her by the neck, and he assaulted his girlfriend's daughter during the incident. Further, during both the 2019 incident and the one at issue in this case, Stogsdill alleged that he was attacked first. Therefore, the probative value of the evidence extends beyond establishing propensity.

The last requirement for admission under MCL 768.27b is that the evidence not be excluded under MRE 403's balancing test. Under MRE 403, a trial court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398.

Evidence of prior bad acts nearly always carries some amount of prejudice. See *Id*. However, such evidence remains admissible as long as its probative value is not substantially outweighed by the danger of unfair prejudice. *Watkins*, 491 Mich at 487. In evaluating whether other-acts evidence should be excluded, the following factors should be considered:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence

supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

We consider each factor in turn.

First, the dissimilarities include differences in the number of people present during the assault, the number of additional people assaulted, and the use of a knife in the present incident, but not during the 2019 incident. But in both instances, Stogsdill assaulted his girlfriend and his girlfriend's daughter. The manner of the assault was the same, i.e., grabbing each girlfriend by the neck, and it occurred in the same type of location, i.e., a home that he shared with his girlfriend. Stogsdill was also intoxicated during both offenses. Considering the significant similarities, this factor weighs in favor of admission of the evidence.

Second, we consider "the temporal proximity of the other acts to the charged crime." *Id*. The time between the two offenses, "standing alone, does not preclude the evidence's admission." *People v Hoskins*, 342 Mich App 194, 206; 993 NW2d 48 (2022) (quotation marks and citation omitted). Rather, similarities between the other-acts evidence and the charged act may serve to lessen the prejudice caused by the time between each offense. *Id*. at 206-207. Here, in light of the significant similarities between the two offenses, the three-year gap is not so prejudicial as to weigh against admission. See *People v Solloway*, 316 Mich App 174, 194-196; 891 NW2d 255 (2016).

Third, we consider the frequency of the other acts. *Watkins*, 491 Mich at 487. The record does not demonstrate that Stogsdill frequently committed domestic-violence offenses. Further, there is no indication in the record that Stogsdill had a history of domestic violence between the 2019 offense and the charged offense. Accordingly, this factor weighs against admission.

Fourth, we consider the "presence of intervening acts." *Id*. Stogsdill has not provided any potential intervening acts; therefore, the lack of evidence of an intervening act makes this factor neutral, and it does not weigh one way or the other. See *People v Beck*, 510 Mich 1, 25; 987 NW2d 1 (2022).

Fifth, we consider "the lack of reliability of the evidence supporting the occurrence of the other acts." *Watkins*, 491 Mich at 487. This Court has concluded that, if the other act resulted in a conviction, then the conviction supports a finding that the evidence is reliable. *Hoskins*, 342 Mich App at 208. Stogsdill was convicted of the 2019 offense via a *nolo contendere* plea. Therefore, the testimony of the 2019 victim was corroborated. Accordingly, this factor weighs in favor of admission.

Lastly, we consider "the lack of need for evidence beyond the complainant's and the defendant's testimony." *Watkins*, 491 Mich at 487-488. The primary evidence of the charged offense consisted of eyewitness testimony from three individuals involved in the altercation. Stogsdill attacked each witnesses' credibility. There was also minimal physical evidence of Dutkowski's injuries. At most there was a photograph of some bloody smudges on Dutkowski's neck. Therefore, the testimony of the evidence of the 2019 offense was useful to corroborate Dutkowski's testimony and to provide additional context to the photographs of Dutkowski's neck. See *Solloway*, 316 Mich App at 196. Accordingly, this factor also weighs in favor of admission.

In sum, the majority of the *Watkins* factors weigh in support of admission. That does not end our inquiry, however because the factors are simply "a tool to facilitate, not a standard to supplant a trial court's MRE 403 analysis." *Berklund*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted). Here, the other-acts evidence is highly probative because it lends credibility to Dutkowski's testimony, makes it less likely that Stogsdill acted in self-defense, and more likely that Stogsdill committed the charged offense. Further, the propensity inference from evidence admissible under MCL 768.27b must be weighed in favor of the evidence's probative value, rather than its prejudicial effect. *Id*.

In this case, the other-acts testimony was brief and did not take an undue amount of time or otherwise delay the proceedings. It was not cumulative to other evidence. Rather, it was highly probative of Stogsdill's propensity to commit acts of domestic violence and was relevant to refute his claims of self-defense and his denials of guilt. There was little potential for confusing or misleading the jury because the other-acts testimony did not involve any of the victims in the present case. The jury was not made aware of the facts that Stogsdill was convicted and incarcerated for the 2019 offense, and the testimony did not contain any facts that were more inflammatory than what was already testified to by the witnesses to the present case. Finally, the trial court gave a limiting instruction that further reduced the possibility of prejudice. *Id*. at 11. Therefore, although there was some prejudicial effect, it did not substantially outweigh the probative value of the other-acts evidence.

Because the evidence was admissible under MCL 768.27b,[1] Stogsdill's lawyer was not ineffective for failing to object to it. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (holding that a lawyer is not ineffective for failing to raise a meritless argument).[2]

## III. CONSTITUTIONALITY OF MCL 768.27B

Stogsdill next argues that MCL 768.27b is unconstitutional because it violates his due-process rights. Specifically, he contends that the other-acts evidence strips him of his presumption of innocence by allowing other-acts evidence to be used to show propensity. In *People v Muniz*, 343 Mich App 437, 460-461; 997 NW2d 325 (2022), this Court addressed a similar challenge to other-acts evidence admissible under MCL 768.27a, which allows for the admission of various other-acts evidence for propensity purposes in criminal cases where the defendant is accused of committing certain offenses against minors. The *Muniz* Court reasoned that

> Although MCL 768.27a allows the jury to consider other acts of CSC as evidence
> of a defendant's character and propensity to commit CSC, it does not lower the
> quantum of proof or probative value of the evidence that the prosecution must

---

[1] Our Supreme Court has held that MCL 768.27b supersedes MRE 404(b). *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012). Therefore, if the evidence is admissible under MCL 768.27b, then it need not also be admissible under MRE 404(b).

[2] Indeed, although not a robust and detailed objection, it appears that Stogsdill's lawyer did raise an initial challenge to the admissibility of the other-acts evidence. His failure to object more strenuously did not amount to deficient performance.

present for conviction of the crime charged. For these reasons, it was not fundamentally unfair to allow the complainant to testify about defendant's other acts of CSC against her.

Likewise, MCL 768.27b allows the jury to consider other acts of domestic violence as evidence of a defendant's character and propensity to commit domestic violence, but it does not lower the quantum of proof or probative value of the evidence that must be presented in order to establish the defendant's guilt of the charged crime. Moreover, the statute reflects the Legislature's policy decision to allow juries to consider other-acts evidence for propensity purposes in certain cases. The procedural safeguards of MRE 401 and MRE 403 provide sufficient protection to ensure a defendant's right to due process and a fair trial.[3] Accordingly, defendant's argument that MCL 768.27b is unconstitutional is without merit.

Consequently, Stogsdill's due-process rights were not violated by the application of MCL 768.27b.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman

---

[3] Stogsdill suggests that the procedural safeguard of MRE 403 is illusory because there is a lack of caselaw holding that other-acts evidence otherwise admissible under MCL 768.27b is nevertheless inadmissible under MRE 403's balancing test. However, the mere fact that Stogsdill is unable to locate such a case does not mean that no other-acts evidence has ever been excluded under MRE 403's balancing test. Indeed, it seems reasonably probable that such evidence has been excluded at the trial court level under MRE 403, which would negate the need for an appeal and would result in no appellate opinion. That is, the lack of appellate cases does not prove that the protection of MRE 403 is illusory.